*Ordered accordingly.*

Opinion delivered November 26, 1887.

## No. 2672

## Ed Osborne *v.* The State

INDICTMENT—AMENDMENT.—A misstatement in an indictment as to the
day on which the term of the court at which the same was presented
began goes to the form and not to the substance of the indictment, and
may be amended under the order of the court by merely erasing the
wrong date and substituting the proper one. Moreover, such amend-
ment is unnecessary, as the allegation of the time when the term began
was mere surplusage.

APPEAL from the District Court of Colorado. Tried below be-
fore the Hon. George McCormick.

This was the appellant's second appeal from his conviction in
the first degree for the murder of West Kirby, in Colorado
county, Texas, on the twenty-second day of December, 1886.
The penalty assessed against him was a life term in the peniten-
tiary. The conviction was had upon identically the same evi-
dence, delivered by the same witnesses, as on the first conviction,
and that evidence will be found fully set out in the report of the
case, commencing page 431 of the twenty-third volume of these
Reports.

*John C. Mitchell,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. As presented in court by the grand jury,
the indictment recited that it was found at a term of the district

court for Colorado county, State of Texas, beginning on the *first* Monday after the first Monday in February, 1887. This was an erroneous statement of the time of the beginning of the term of the said court at which said indictment was presented, said term having begun on the *fourth* Monday after the first Monday in February, 1887. Upon motion made by the district attorney for leave to amend the indictment so as to correct the said erroneous recital, such leave was granted, and thereupon the district attorney, in open court, and with the knowledge of the court, erased the word "first" and inserted in its stead the word "fourth," in the original indictment, so as to make it appear that the term of the court at which the indictment was presented commenced at the proper time—that is, on the *fourth* Monday after the first Monday in February, 1887. To this amendment of the indictment, made in the manner above stated, the defendant excepted, and through his counsel urgently insists that it constitutes error for which the conviction should be set aside.

When this case was before us on a former appeal, we held, with reference to this supposed defect in the indictment, that it related to matter of form, and was amendable. (23 Texas Ct. App., 431.) But it is now contended that the amendment was not properly made, because it is not recited in the minutes of the court that it was made, etc. In the case of Bosshard v. The State, 25 Texas Supplement, 207, a similar amendment of an indictment was made, and made by inserting a word in the original indictment, and there was held to be no error in the proceeding. In Sharp v. The State, 6 Texas Ct. App., 650, a similar amendment was held to have been correctly made. It is directed by statute that "all amendments of an indictment or information shall be made with the leave of the court, and under its direction." (Code Crim. Proc., art. 551.) The form and manner of such an amendment are not prescribed, nor is it expressly required that an entry thereof shall be made upon the minutes of the court. If made with the leave of the court, and under the direction of the court, it is a legal amendment. In this instance the record affirmatively and clearly shows that the amendment was made with leave of the court, and under the direction of the court. In our opinion, the amendment was wholly unnecessary. It was surplusage to allege the time when the term of the court began, and this portion of the indictment might have been stricken out without invalidating the indictment.

No other error than the supposed one above noticed has been

presented by counsel for appellant. We have, nevertheless, given the record a careful examination, and we find no error in the conviction. The judgment is affirmed.

*Affirmed.*

Opinion delivered December 7, 1887.