ALFRED GRAYSON v. THE STATE.

*No. 1043. Decided March 25th, 1896.*

1. **Indictment—Amendment of—Surplusage.**

An allegation in an indictment as to the term at which the grand jury was organized, is surplusage, which may be either stricken out or amended after announcement of ready for trial. Formal matters in an indictment which may be amended are those mentioned in 2nd and 3rd subdivisions of Art. 420, Code Crim. Proc., and amendments as to these should be made before announcement of ready for trial.

2.   **Assault With Intent to Murder—Charge—Unnecessary to Define Murder When.**

On a trial for assault with intent to murder, it is not necessary to define murder if the charge as given instructs the jury as to the definition of malice aforethought, and that if defendant made the assault upon the injured party by shooting him with a gun, with the intent to kill him and with malice aforethought, and the assault was not justified on the ground of self-defense.

APPEAL from the District Court of Freestone.   Tried below before Hon. RUFUS HARDY.

This appeal is from a conviction for assault with intent to murder, the punishment being assessed at two years' imprisonment in the penitentiary.

There is no statement of facts in the record.

*Anderson & Moses*, attorneys for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a conviction of assault with intent to murder.   After announcement of ready for trial, the State was permitted to amend the indictment so as to make it show the organization of the grand jury at the "September term, 1895," instead of at the "September term, 189—," as originally written in said indictment. An exception was reserved to this ruling of the court.   If this was a necessary, formal part of the indictment, the amendment should have been made before an announcement of readiness for trial by the parties, upon the exception urged.   This amendment, in our opinion, was not necessary.   "It was surplusage to allege the time when the term of the court began, and this portion of the indictment might have been stricken out, without invalidating the indictment."   See Osborne v. State, 24 Tex. Crim. App., 398.   Formal matters of an indictment, which may be amended, are such as are to be alleged therein under the 2nd and 3rd subdiv. of Art. 420, Code Crim. Proc., as found in Willson's Crim. Stats.   Allegations which are surplusage do not come within the purview of said statute.   It is contended the charge should have defined murder.   We do not think so.   The court defined assault and malice aforethought correctly.   The court further charged the jury that "an assault with intent to murder is constituted by such facts as constitute an assault by the use of means reasonably calculated to produce death, coupled with malice aforethought, and with the intent to take the life of the person assaulted."   Applying the law, the court instructed the jury as follows:   "If, then, gentlemen of the jury, you believe, from the evidence, beyond reasonable doubt, that the defendant did, in Freestone County, Tex., on or about the 6th day of July, 1895, make an assault upon Clabe Mickels, with the intent to injure him, by shooting him with a gun, and that said assault was not justified on the ground of self-defense, as explained to you, and that it was done with malice aforethought, as explained, and was with the intent on the part of defendant to kill said Clabe Mickels, then the defendant is guilty of an assault with

intent to murder, and you will so find, and assess his punishment at confinement in the penitentiary for any term not less than two nor more than seven years." This latter instruction, together with the previous definition of malice aforethought, would have sufficiently presented this issue on this phase of the case. See Smith v. State, ante p. 618; Wagner v. State, ante p. 255. The appellant could not have shot at the assaulted party with a gun, with his malice aforethought, and with the intent to kill him, without committing an assault with intent to murder. The evidence is not before us, and the question of distance and ability to consummate this design are not noticed. As presented by this record, these charges, as given, are not erroneous. This character of charge was commended in the Wagner case, supra. The judgment is affirmed.

*Affirmed.*