## S. S. Coy v. The State.

No. 513. Decided April 13, 1910.

Rehearing denied May 18, 1910.

**1.—Local Option—Information—Date of Election.**

Upon trial of a violation of the local option law, where the information failed to allege the date or time when the local option election was held, the same was sufficient on motion to quash, as this was not necessary.

**2.—Same—Elections—Increase of Punishment.**

Where, upon trial of a violation of the local option law, it appeared that at the time of the commission of the offense, and the filing of the information and the trial thereon the law imposed a penalty by fine and imprisonment in the county jail, it is not necessary to decide as to the effect of another election in said territory thereafter under a law increasing the penalty.

**3.—Same—Charge of Court—Weight of Evidence—Practice on Appeal.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared that the appellant complained of the court's charge on reasonable doubt, but had not excepted to the same at the time, there was no error.

**4.—Same—Remarks by Judge.**

Where, upon trial of a violation of the local option law, the trial judge made some remarks which were probably calculated to prejudice the jury, but such action of the judge was not excepted to at the time, and not raised until in motion for new trial, the same could not be considered on appeal.

**5.—Same—Charge of Court—Internal Revenue License.**

Where, upon trial of a violation of the local option law, the defendant did not except at the time to a charge of the court that the issuance of internal revenue license to the defendant was prima facie proof that he was engaged in

the business of selling intoxicating liquors, this objection could not be considered on appeal; besides the objection that such charge applied the time of engaging in such business to the date of the trial could not have misled the jury, and there was no error.

Appeal from the County Court of Hays. Tried below before the Hon. J. B. Wilson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*B. G. Neighbors* and *Will G. Barber,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was prosecuted on information filed in the County Court of Hays County on October 27, 1908, charging him with selling on the 15th day of March preceding to one Maria Martinez intoxicating liquors in violation of law. At a trial had in said court on the 19th day of January, 1909, appellant was found guilty, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail. From this conviction he has appealed to this court, and has assigned several errors, which have been well presented in an able and ingenious brief.

The information on which the prosecution was conducted charged that before the filing of the information in the county of Hays, and State of Texas, "there was held an election in accordance with the laws of this State under authority of an order of the Commissioners Court of said county theretofore duly made and published, to determine whether or not the sale of intoxicating liquor should be prohibited in said county, and the qualified voters at said election did then and there determine that the sale of intoxicating liquor should be prohibited in said county, whereupon the Commissioners Court of said county did pass and enter upon the minutes of said court an order declaring the result of said election and prohibiting the sale of intoxicating liquor in said county, and the county judge of said county did cause said order to be published in a newspaper selected by said judge, in said county, for the length of time and in the manner required by law, and the fact of said publication was by said judge duly entered upon the minutes of the Commissioners Court of said county, whereby the sale of intoxicating liquor was by law prohibited in said county and still is so prohibited, and that thereafter, in said county and State, while the above mentioned law was in force and effect, and before the making and filing of this information, that S. S. Coy did on or about the 15th day of March, 1908, unlawfully sell intoxicating liquors to the person named." Motion was made to quash this information on the ground, in substance, that it did not allege the date or time when said election

was held. This has never been held necessary to be done in this State. The information here follows almost literally the form laid down by Willson in his Criminal Forms. See Willson Criminal Forms, section 257, p. 133. Among the grounds urged why the affidavit and information should name the date of the election is that, especially in view of the passage of the recent Act making the sale of intoxicating liquor a felony, it becomes jurisdictional and it is essential to allege the date with a view of proper enforcement of the law. We have heretofore held that where the record showed that there had been successive elections held in the same county for the purpose of determining whether intoxicating liquors should be sold therein, and that both elections resulted in favor of prohibition, and were legally held, a prosecution could be based upon the law by virtue of the first election and that same was not abrogated by the second election, and which remains the law until it is otherwise determined by the people. That holding was made where the elections were held under the same law and where the punishment, at the time of holding both elections, was identical. Whether that rule will apply under the new order of things, we need not now determine. It may well be argued that in view of the fact that there had been a radical and decided increase in penalty, and where the law was different when the last election was held, that by implication, if not directly, that the new election would have the effect, in respect to offenses thereafter committed, to operate as a repeal of all prior elections. It does not, however, become necessary to determine this question here, since, as we have said, at the time of the commission of the offense and at the time the information was filed, and at the time of the trial, the law imposed a penalty by a fine and imprisonment in the county jail. In this case the indictment does state the date of the offense, and states a time within the period of limitation. It also states that the law prohibiting the sale of intoxicating liquors had been duly passed, and was in force. This, we think, is all that is required to be stated.

2. Complaint is made also of the charge of the court on the subject of reasonable doubt, and his action in thereafter giving a special charge at the request of counsel for appellant on the same subject and his conduct and comments in so doing. The charge of the court on the subject of reasonable doubt is as follows: "You are instructed that by the term a reasonable doubt is meant that doubt as fairly and naturally presents itself from the facts which the jury believe to be true; the rule is that all material facts which you believe to be true should lead in such manner to a conclusion, to moral certainty, that defendant is guilty as that you could not reasonably believe otherwise." That this charge was, to some extent, obnoxious to the rule inhibiting the court from commenting on the weight of the evidence, there can be no sort of doubt. Abrams v. State, 36 Texas Crim. Rep., 44, 35 S. W., 389; Cleavenger v. State, 43 Texas

Crim. Rep., 273, 65 S. W. Rep., 89; Holmes v. State, 9 Texas Crim. App., 313; Massey v. State, 1 Texas Crim. App., 563. This charge, however, was not excepted to at the time, but rather intending to break the force of this instruction, appellant requested the court to instruct the jury as follows, which charge was given: "In above cause the defendant asks the court to charge the jury: Before you can convict defendant you must find he is guilty beyond any reasonable doubt, and if in this case you have any fair or reasonable doubt as to his guilt you must acquit him, although you may think that the probabilities are he is guilty. In other words, although you may think the chances preponderate strongly in favor of his guilt still you must acquit him unless the evidence excludes beyond any reasonable doubt his innocence." We think that both charges were erroneous, and one quite as much so as the other, but in the light of this record, in the absence of exception to the court's charge, appellant can not complain. It would seem, however, that after the court had read his general charge, he picked up in the presence of the jury the special charge requested by appellant, and, as the bill states, apparently hesitated about giving same, and then stated in the presence and hearing of the jury that he was in doubt as to whether or not it should be given. He then turned to and discussed the matter briefly with the State's attorney, as the bill recites, which discussion was not in the hearing of the jury, and what was said was not heard by the jury nor by counsel for appellant. That thereupon counsel for appellant stated to the court, in the hearing of the jury, that they thought they were entitled to have same given especially in view of the court's charge upon the subject. The court thereupon stated in the hearing of the jury that he was not sure whether or not it should be given, that the general charge had covered pretty fully the subject of reasonable doubt, but that the jury had probably already made up their minds and that the giving of the charge would not likely do either good or harm and that the court would give same. The bill further recites that counsel for appellant did not at the time state that they excepted to the remarks of the court, but did complain of same for the first time in their motion for new trial. It is possible that the remarks of the court unexplained was calculated to have prejudiced the jury against appellant, though we think this far from certain. We have no doubt, however, that where the action of the court in using the language attributed to him was not at the time neither challenged nor complained of and no opportunity given the court to withdraw same, and where, as it seems, appellant rested content with the matter thus disposed of, and in securing the giving of his special charge, that he is in no condition to complain.

3. At the request of counsel for the State the court instructed the jury as follows: "You are instructed that if you find from the evidence that the United States internal revenue liquor or malt dealers'

license has been issued to the defendant for a period of time embracing the date of the sale alleged in the information, that the issuance of said license to said Coy shall be prima facie proof that said Coy has paid the United States special tax as a seller of spirituous or malt liquors and shall be prima facie proof that said Coy is engaged in the business of selling intoxicating liquors." This charge was not excepted to at the time, but is complained of in motion for new trial on the ground that it instructs the jury that the introduction of the United States internal revenue license would be prima facie proof that appellant is engaged in the business of selling intoxicating liquors, or in other words, that this was in effect an instruction that the production of such license made a prima facie case for them that appellant was at the date of the trial engaged in that business. Even if excepted to at the time, we think there is no merit in this contention. The proof of the State was limited solely to the date alleged in the information, which was the 15th day of March, 1908. The trial occurred in January, 1909. There is no evidence in the record showing or tending to show that appellant was engaged in the sale of whisky on the day of the trial. We think, in the nature of things, the instruction was such a one that the use of the present tense for the past could not have misled any jury. The evidence, as usual in such cases, is conflicting. There is testimony in the record which, if believed, shows appellant to be guilty. We have in many cases held that the internal revenue license was admissible, and that the statute making it prima facie evidence was valid. Floeck v. State, 34 Texas Crim. Rep., 314; Gerstenkorn v. State, 38 Texas Crim. Rep., 621; Uloth v. State, 48 Texas Crim. Rep., 295, 87 S. W. Rep., 823; Thompson v. State, 97 S. W. Rep., 316.

Finding no error in the record the judgment of conviction is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied May 18, 1910.—Reporter.]