## MIKE MEYER v. THE STATE.

### No. 1592. Decided March 20, 1912.

**1.—Local Option—Date of Election—Information—Formal Allegation.**

Upon trial of a violation of the local option law, the date of the election need not be alleged in the information or indictment, unless the defendant objects thereto before the announcement of ready for trial, and an objection on this ground comes too late when filed after a verdict had been rendered, as such allegation is a mere matter of form. Following Hamilton v. State, 65 Texas Crim. Rep., 508, and other cases. Davidson, Presiding Judge, dissenting.

**2.—Same—Statutes Construed—Matter of Form.**

Under Article 478, Revised Code Criminal Procedure, the date of the local option election should be alleged, but this allegation is merely a matter of form under Articles 476 and 480, Revised Code Criminal Procedure, and the want of such allegation in an information must be excepted to before trial,

**3.—Same—Charge of Court—Requested Charges.**

Where the special charges requested were fully covered by the main charge of the court, there was no error.

Appeal from the County Court of Smith. Tried below before the Hon. Jesse F. Odom.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*N. A. Gentry* and *Fitzgerald, Butler & Bulloch,* for appellant.—On question of insufficiency of information: Ellison v. State, 25 Texas Crim. App., 328; Head v. State, 141 S. W. Rep., 536.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted in the County Court of Smith County, under an information and complaint charging him with violating the local option law, alleging a single sale of intoxicating liquor, his punishment being assessed at a fine of $25 and imprisonment in the county jail for twenty days.

Appellant, in his brief filed in this court, says: "In presenting this case to the court, we shall, without waiving the other matters raised in the motion for new trial, present what we think is fundamental error committed in the County Court in the trial of this cause, in this: The complaint and information charge that on or about the 16th day of April, 1911, in Smith County, Texas, Mike Meyer did then and there unlawfully sell to Conde King intoxicating liquors and at the time of the sale intoxicating liquors had been prohibited under the laws of the State and in said county, and which laws were at said time in full force and effect and that said sale was made after qualified voters of said county, at a legal election held for that purpose in accordance with the law, had determined that the sale of intoxicating liquors should be prohibited in said county and the Commissioners' Court of said county and State had declared the result and legally passed an order to that effect, which order had been published as required by law. The charge of the court was in effect that it was illegal to sell intoxicating liquors in Smith County, Texas, on the date it is alleged the sale was made. It will be noticed that there is no date alleged in the information or complaint when the said election was held prohibiting the sale of intoxicating liquors in Smith County, Texas, and the charge of the court instructed the jury that it was illegal to sell whisky in Smith County, Texas, on the date alleged in the information that the sale was made, which was April 16, 1911."

It is thus seen there was no motion made in the trial court to quash the information, or plea filed on account of the insufficiency of the allegations in the information, but the question is sought to be raised in this court on grounds set forth in the motion for new trial. If the

information was lacking in material allegations, or matters of substance, then the question could be raised at any time, because the information would not charge an offense against the laws of this State. It is admitted that the information charges an offense under our laws, that it is only lacking in allegation which would show whether the District Court or County Court was the forum in which the case should be tried. Our Code of Criminal Procedure requires information and indictments to contain an allegation to that effect, but it has been held that this is but a defect in the "form" of indictment or information, and they may be amended in this respect under articles 586-587 and 588 of the Code of Criminal Procedure, and such a plea must be filed before announcement of ready for trial upon the merits of the case, and comes too late when filed after a verdict has been rendered. This question is fully discussed in the case of Matthews v. State, 44 Texas, 376, by Chief Justice Roberts, copious extracts therefrom being copied by us in Hamilton v. State, decided at this term of the court. See, also, Hauck v. State, 1 Texas Crim. App., 357; Long v. State, 1 Texas Crim. App., 466; Walker v. State, 7 Texas Crim. App., 52; Thomas v. State, 18 Texas Crim. App., 213; Sharp v. State, 6 Texas Crim. App., 650; Niland v. State, 19 Texas Crim. App., 166; Osborne v. State, 23 Texas Crim. App., 430; Bowen v. State, 28 Texas Crim. App., 498; Murphy v. State, 29 Texas Crim. App., 507; Young v. State, 55 Texas Crim. Rep., 385; Reys v. State, 45 Texas Crim. Rep., 463; Fortenberry v. State, 72 S. W. Rep., 593; Williams v. State, 34 Texas Crim. Rep., 100, 29 S. W. Rep., 472; Murphy v. State, 29 Texas Crim. App., 507, 16 S. W. Rep., 417.

In the Walker case, and other cases cited, it will be seen they were passing on the identical clause, "that it shall appear to have been presented in a court having jurisdiction of the offense," and this is held to be a mere matter of form, and the information may be amended in this respect. And in a number of other cases cited, that if the objection is not made before announcement for trial, it comes too late, and will not be considered in arrest of judgment, or after verdict has been rendered. This case illustrates that the omitted allegation is but a matter of form and not of substance. An information or indictment, not alleging the date of election, has always been held to charge an offense under our local option law. (Coy v. State, 59 Texas Crim. Rep., 379, 128 S. W. Rep., 414; (Riggs v. State, 96 S. W. Rep., 25); Killman v. State, 53 Texas Crim. Rep., 570; Enriquez v. State, 60 Texas Crim. Rep., 580, 132 S. W. Rep., 782, and authorities collated in Branch's Crim. Law, section 544.) Consequently the date of election is no part of the offense, and in consequence not a matter of substance, but is now rendered necessary by reason of article 478, subdivision 2 (new code) as to the form of the information, but article 476 specifically provides: "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings therein be affected by reason of any defect or imperfection of form in such indictment, which does

not prejudice the substantial rights of the defendant," and article 480 applies this article of the statute to information.

There were no bills of exception reserved to the introduction of evidence or the charge of the court. The special charges requested were fully covered by the charge of the court, and this being a prosecution for a misdemeanor, no error is presented that should cause a reversal of the case.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—The same question is involved in this case as in the case of Tom Hamilton v. State. For the reasons set forth in the dissenting opinion in the Hamilton case I respectfully enter my dissent in this case.