### IRA HART v. THE STATE.

No. 1659. Decided June 26, 1912.

Rehearing denied October 16, 1912.

**1.—Local Option—Statutes Construed—Statement of Facts.**

Section 6 of chapter 119, Thirty-Second Legislature, provides that the party appealing shall prepare, or cause to be prepared from the transcript filed by the official shorthand reporter, as provided in section 5 of said Act, a statement of facts in duplicate, stated in a succinct manner and without unnecessary repetition, and where a statement of facts is brought up in question and answer form, the same will not be considered.

**2.—Same—Continuance.**

Where the absent testimony of defendant's wife could not have been true, there was no error in overruling the motion for continuance.

**3.—Same—Evidence—Animus of Witness—Bill of Exceptions.**

Where defendant had been permitted to testify that he was a witness against a certain third party who was charged with robbery, and who became a witness against him in the instant case, and was allowed to show the animus of the said witness, there was no error in excluding testimony as to the guilt or innocence of said witness; besides, the bill of exceptions to said testimony was not filed within time.

**4.—Same—Evidence—Orders of Commissioners Court.**

Upon trial of a violation of the local option law, there was no error in admitting in evidence the records of the Commissioners Court to prove that prohibition was in force in the county of the prosecution, although such orders were transcribed by the clerk of the court in the minutes, and not by the judge or Commissioners Court.

**5.—Same—Jury and Jury Law—Professional Jurors.**

Where, upon trial of a violation of the local option law, the appellant complained in his motion for new trial that the jurors were professional jurors, but there appeared no motion to quash the panel of the jurors, the complaint came too late; besides, the bill of exceptions was not filed within time.

**6.—Same—Charge of Court—Alibi.**

Where, upon trial of a violation of the local option law, the evidence raised the issue of alibi, the court properly submitted a charge thereon.

**7.—Same—Practice on Appeal—Statement of Facts—Bill of Exceptions.**

Where, it appeared on motion for rehearing, that the clerk of the lower court had inadvertently failed to copy in the transcript a proper statement of facts prepared in accordance with the rules, and also the order extending the time in which to file bills of exception, the same were considered on appeal, but there appearing no error, the case must be affirmed.

**8.—Same—Indictment—Rehearing—Date of Election.**

Where the appellant, in his motion for rehearing, for the first time, attacked the sufficiency of the indictment because it did not allege the date of the election on prohibition, the complaint came too late. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

**9.—Same—Charge of Court—Motion for Rehearing.**

Where appellant sought in the motion for rehearing to complain of the court's charge, and had not raised this question by bill of exceptions or in the motion for new trial, the same could not be considered on appeal.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Chas. Crenshaw* and *Cox & Cox,* for appellant.—On question of introducing record of Commissioners Court and failure to allege date of election in indictment: Moore v. State, 64 Texas Crim. Rep., 300, 145 S. W. Rep., 588; Head v. State 64 Texas Crim. Rep., 112, 141 S. W. Rep., 536.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was convicted of violating the local option law and sentenced to one year imprisonment in the penitentiary.

In this case the statement of facts is not made out as required by law. Section 6 of chapter 119 of the Act of the Thirty-Second Legislature provides that the party appealing shall prepare, or cause to be prepared from the transcript filed by the official shorthand reporter, as provided in section 5 of this Act, a statement of facts, in duplicate, stated in a succinct manner and without unnecessary repetition. The statement of facts in this case is brought up in question and answer form and has placed on us an unnecessary amount of labor. It was formerly permissible for a statement of facts to be thus made, but as this increased the labor and burden on the Appellate Courts to the extent that they were getting far behind with the cases on appeal, the Legislature, in order to aid the courts in disposing of cases on appeal as rapidly as possible, repealed that law and adopted the above provision, and we must insist upon a compliance therewith, if it is desired that we consider the statement of facts on appeal. Records sent to us hereafter with the testimony in question and answer form will not be considered. However, we have read this record, but will hereafter not do so.

The first ground complains of the action of the court in overruling his application for a continuance. The indictment in this case was returned January 23, 1911. August 18, 1911, this case was set for trial, having been continued or passed over from January to that date. On the day following the setting of the case, August 19, appellant caused a subpoena to issue for his wife returnable August 30, which was served on that day. Appellant's wife, shortly after being summoned in this case, was called to Oklahoma, and did not return until after the trial. It was on account of her absence the continuance was sought. In the light of the testimony of appellant's witness, Perry Shaw, we are of the opinion the court did not err in overruling the application. Mr. Shaw says appellant was with him on the occasion, and appellant corroborates Shaw, and if their testimony is true, appellant's wife could not have testified as to his whereabouts at the time named.

This is the only bill of exceptions filed within thirty days from the date of the adjournment of court, the other bills not being filed until fifty-two days thereafter. No order was entered permitting the bills of exceptions to be filed after the expiration of thirty days, and no reason being stated in the record why they were not filed within the time allowed by law, and we would not be authorized to reverse the case because of the matters therein set forth. However, we have read the bills. The defendant was permitted to show that the State's witness, Mack Earle, was under indictment for robbery and that the case

had been continued by consent. Defendant stated he desired to introduce testimony to prove the State's witness was guilty of that offense. The court stated that Earle was not on trial for that offense and he would not allow testimony to be introduced as to the guilt or innocence of Earle. In this there was no error. Defendant was permitted to show this defendant was a witness against Earle in the charge for robbery; to prove all the conversations had between defendant and Earle, in order to develop the animus and bias of the witness Earle, and this was as far as it was permissible to go. If the fact of whether or not a witness in the case was guilty of another and different crime could be introduced, trials would lengthen out interminably. The court did not err in refusing to admit any testimony which was offered for the purpose and the only tendency of which would be to show the guilt or innocence of the witness Earle of the charge of robbery then pending against him.

There was no error in permitting the records of the Commissioners Court to be introduced in evidence to prove that prohibition was in force in Grayson County. The minutes of all the courts are written by the clerks of the courts, and the fact that the judge, or the commissioners, had not transcribed the minutes would not render it inadmissible. The orders were entered in the minutes of the Commissioners Court, signed and approved by the judge and Commissioners Court, and the fact that the orders were first written on a piece of yellow paper by the county judge and then copied in the minutes would not render them inadmissible. Copies of all judgments or orders of a court are nearly always prepared and handed to the clerk, and by him transcribed in the minute book, and when approved by the court the record becomes the original.

The motion for a new trial contains some rare and racy reading in regard to some of the jurors summoned on the panel. But all these facts, if true, were known to appellant's counsel, as well before the trial, as after the verdict was rendered; he could not proceed with the trial, and if it resulted unfavorably to him, then raise such a question in the motion for a new trial.

The question raised is that the jurors "were talesmen or pickups and were constant and standing jurors, and stayed around court for the purpose of being picked up," in other words, were professional jurors. If appellant desired to raise this question he should have done so by a proper motion to quash the panel of jurors. Not having done so, it came too late in the motion for new trial, he being aware of all the facts at the time the jury was selected as well as subsequent to the trial. Again, this bill was not filed in the time permitted by law, if the question had been raised at the proper time.

The above are the principal questions raised in the motion for new trial, and while, as before said, the bills not having been filed in the time permitted by law, we would not be permitted to review a case

because of errors assigned in the bills, yet they present no reversible error if considered.

There was no error in the court submitting in his charge the issue of an alibi. Prosecuting witnesses testify to a sale and delivery of whisky in the water closet in the rear of the hotel. Defendant and Shaw testify positively that appellant was in the hotel office playing dominoes or at the depot. This raised the issue and it was not error to charge thereon. While the testimony is in sharp conflict as to whether or not a sale of intoxicating liquors was made, the State's witnesses, Earle and McGee, are positive in their testimony, and the jury believed them. There is no complaint of the charge of the court, except that it was error to charge on alibi, and this we have held presents no error. Therefore, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 16, 1912.

HARPER, JUDGE.—In this case in the original opinion we criticised appellant's counsel for sending to this court a statement of facts in question and answer form. Since then appellant's attorneys have had sent to us a statement of facts in narrative form, together with the certificate of the clerk stating, "the statement of facts hereto attached was filed in my office on November 7, 1911, but through error of this office the original stenographer's report was sent to the Court of Criminal Appeals instead of this statement of facts." This latter statement is prepared in accordance with the rules, is approved by the judge, and filed within the proper time, and we take pleasure in exonerating counsel from all blame or censure in the matter. Further, they send to us an order extending the time in which to file bills of exception, the certificate of the clerk stating: "I, K. S. Loving, Clerk of the District Court of Grayson County, do certify that the above and foregoing is a true and correct copy of the order as written by Judge J. M. Pearson; that said order is now on file, but through oversight was not copied in the transcript." Under such conditions, of course, appellant would be entitled to have his bills of exception considered and passed on by this court, but as in the original opinion we passed on the merits of each bill, we do not deem it necessary to do so again; however, we deemed these corrections due to appellant's counsel, so that it would not appear they were in anyway at fault.

Appellant earnestly insists that we erred in holding that the court did not err in overruling the application for a continuance. We have again read the record, and in view of the testimony of appellant and his witness Shaw on the trial of the case, there was no error in overruling the application. (Wigfall v. State, 57 Texas Crim. Rep., 639; Boyd v. State, 50 Texas Crim. Rep., 138.)

In the motion for a rehearing appellant for the first time attacks

the sufficiency of the indictment, because it does not allege the date of the election on prohibition. The complaint comes too late. (Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348; Meyer v. State, 65 Texas Crim. Rep., 587, 145 S. W. Rep., 919.)

All the other questions were passed on in the original opinion except wherein appellant seeks in the motion for a rehearing in this court to complain of paragraphs of the court's charge for the first time. These we can not consider, as the law says such matters must be presented by a bill of exceptions, or in the motion for a new trial in the trial court.

The motion for rehearing is overruled.

*Overruled.*