### WALTER PARKER V. THE STATE.

No. 2013. Decided November 13, 1912.

**Local Option—Information—Date of Election—Amendment.**

Where the complaint and information did not allege the date prohibition was put in force in the county of the prosecution, and the defendant moved to quash same for this defect of form, which motion the court overruled, this was reversible error; although this matter was one of form and could have been amended. Following Hamilton v. State, 65 Texas Crim. Rep., 508, and other cases.

Appeal from the County Court of San Augustine. Tried below before the Hon. W. C. Ramsey.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Foster & Davis,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The complaint and information in this case charge appellant with violating the prohibition law in that on or about March 23, 1912, he made a sale of intoxicating liquor to Will Coleman. Neither the complaint nor information, although alleging that prohibition was in force, allege the date when put in force by the proper election, orders, etc. The appellant was convicted and given the lowest penalty for a misdemeanor in making such sale.

The statement of facts even, does not show when the prohibition law was put in force and effect, it merely stating that it was in full force and effect on March 23, 1912.

The appellant made a motion to quash the information, because it did not show that the County Court had jurisdiction to try and determine the case, which was overruled by the court. As appellant correctly and properly raised the question in time, it was the duty of the court to have sustained his motion, under the rulings of this court. The defect in the complaint and information in not charging the date prohibition was put in force in San Augustine County by the proper election, orders, etc., was a defect of form which could have been amended and thereby rendered them sufficient, under the rulings of this court. As this was not done this court must necessarily reverse and remand the case. Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348; Meyer v. State, 65 Texas Crim. Rep., 587, 145 S. W. Rep., 919; Head v. State, 64 Texas Crim. Rep., 112, 141 S. W. 536; Mealer v. State, 66 Texas Crim. Rep., 140, 145 S. W. Rep., 354, and cases cited in said decisions.

It is unnecessary to decide any other question attempted to be raised in this case. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*