distinctions between assaults and assaults to commit rape..

This was written as the opinion in the case, but my Brethren have thought it correct to affirm the judgment. I sign this as a dissent.

---

PARKER v. STATE.

(Court of Criminal Appeals of Texas. Nov. 13, 1912.)

1. INTOXICATING LIQUORS (§ 205*)—CRIMINAL PROSECUTION — INDICTMENT — ADOPTION OF LOCAL LAW.

An information in the county court for a sale of intoxicating liquor in violation of the prohibitory law, which alleges that such law was then in force, but does not allege the date when such law was adopted or put in force, should be quashed as not showing jurisdiction of the court.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 225; Dec. Dig. § 205.*]

2. INDICTMENT AND INFORMATION (§ 161*) — AMENDMENT—MATTERS OF FORM.

A defect in an information for a sale of intoxicating liquor in violation of the prohibitory law, in not alleging the date when the law was adopted or put in force, is a defect of form, which is amendable.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 516–523; Dec. Dig. § 161.*]

Appeal from San Augustine County Court; W. C. Ramsey, Judge.

Walter Parker was convicted of selling intoxicating liquor in violation of the prohibitory law, and he appeals. Reversed and remanded.

Foster & Davis, of San Augustine, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The complaint and information in this case charge appellant with violating the prohibition law, in that on or about March 23, 1912, he made a sale of intoxicating liquor to Will Coleman.

[1] Neither the complaint nor information, although alleging that prohibition was in force, alleges the date when put in force by the proper election, orders, etc. The appellant was convicted, and given the lowest penalty for a misdemeanor in making such sale. The statement of facts even does not show when the prohibition law was put in force and effect; it merely stating that it was in full force and effect on March 23, 1912. The appellant made a motion to quash the information, because it did not show that the county court had jurisdiction to try and determine the case, which was overruled by the court. As appellant correctly and properly raised the question in time, it was the duty of the court to have sustained his motion, under the rulings of this court.

[2] The defect in the complaint and information in not charging the date prohibition was put in force in San Augustine county by the proper election, orders, etc., was a defect of form, which could have been amended, and thereby rendered them sufficient, under the rulings of this court. As this was not done, this court must necessarily reverse and remand the case. Hamilton v. State, 145 S. W. 348; Meyer v. State, 145 S. W. 919; Head v. State, 141 S. W. 537; Mealer v. State, 145 S. W. 354, and cases cited in said decisions.

It is unnecessary to decide any other question attempted to be raised in this case.

The judgment is reversed, and the cause is remanded.