## LUTHER PATTERSON v. THE STATE.

### No. 5143.  Decided October 23, 1918.

**Receiving Stolen Property—Indictment—Amendment.**
    Where, upon trial of receiving and concealing stolen property, the indictment charged the venue of the offense in Erath County it was reversible error to permit the district attorney to amend the indictment by striking out Erath and inserting therein Palo Pinto, thus charging the offense to have been committed in the latter county; even in a matter of form the amendment generally must be made before the trial begins, but no matter of substance can be amended.

Appeal from the District Court of Palo Pinto.  Tried below before the Hon. J. B. Keith.

Appeal from a conviction of receiving and concealing stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Confessed error, citing Collins v. State, 6 Texas Crim. App., 647.

PRENDERGAST, JUDGE.—Appellant was indicted and convicted of· receiving and concealing stolen property.

The sole question to be decided is whether or not the court erred in permitting the district attorney to amend the indictment as he did.

The indictment found by the grand jury is as follows:

"In the Name and By the Authority of the State of Texas:

"The Grand Jurots, duly selected, organized and empannelled as such for the County of Erath, State of Texas, at the March term, A. D. 1918, of the District Court for said county, upon their oaths present in and to said court, that on or about the 24th day of September, A. D. 1917, and anterior to the presentment of this indictment, in the county and State aforesaid, Luther Patterson did then and there unlawfully receive from G. H. McMillan and did then and there unlawfully conceal certain corporeal person property.". The balance of the indictment is regular   No motion was made to quash it on any ground.

The case was called for trial, both parties announced ready, the jury was empaneled and sworn, and the district attorney began to read the indictment.   It will be seen from the quotation of it above that the allegation was that it was the grand jury of Erath County which preferred it, and that the allegation thereof alleged that the venue where the offense was committed was in said Erath County.   As a matter of facts, it seems that it was the grand jury of Palo Pinto County that preferred the indictment and not that of Erath, the district attorney using a ·printed form with the County of Erath printed therein.   By amending the indictment in striking out Erath and ,inserting therein Palo Pinto it is seen that the amended indictment charged the offense to have been committed in Palo Pinto County, whereas the original indictment charged it was committed in Erath.   This, we think, was an amendment of substance and not of form merely.   The statute (art. 598, C. C. P.) expressly provides that any matter of form in an indictment may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterwards. No matter of substance can be amended."   It has always been held under this statute, in compliance with its express provisions, that no matter of substance can be amended, and that even in a mere matter of form the amendment generally must be made before the trial begins. There are some exceptions to this latter rule.   (Young v. State, 55 Texas Crim. Rep., 383; Murphy v. State, 36 Texas Crim. Rep., 24; Osborne v. State, 24 Texas Crim. App., 398.)

The amendment herein being of a matter of substance, the court committed an error in permitting the indictment to be amended, for which the judgment is reversed and the cause is remanded.

*Reversed and remanded.*