PATTERSON v. STATE. (No. 5143.)

(Court of Criminal Appeals of Texas. Oct. 23, 1918.)

INDICTMENT AND INFORMATION ⬦⇒159(3) — AMENDMENT—PLACE OF OFFENSE.

Allegation in indictment as to county in which offense was committed is matter of substance, amendment of which is prohibited by Code Cr. Proc. 1911, art. 598.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Luther Patterson was convicted of receiving and concealing stolen property and appeals. Reversed and remanded.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was indicted and convicted of receiving and concealing stolen property. The sole question to be decided is whether or not the court erred in permitting the district attorney to amend the indictment as he did. The indictment found by the grand jury is as follows:

"In the name and by the authority of the state of Texas, the grand jurors, duly selected, organized, and impaneled as such for the county of Erath, state of Texas, at the March term, A. D. 1918, of the district court for said county, upon their oaths present in and to said court that on or about the 24th day of September A. D. 1917, and anterior to the presentment of this indictment, in the county and state aforesaid, Luther Patterson did then and there unlawfully receive from G. H. McMillan, and did then and there unlawfully conceal, certain corporeal personal property."

The balance of the indictment is regular. No motion was made to quash it on any ground. The case was called for trial, both parties announced ready, the jury was impaneled and sworn, and the district attorney began to read the indictment. It will be seen from the quotation of it above that the allegation was that it was the grand jury of Erath county which preferred it, and that the allegation thereof alleged that the venue where the offense was committed was in said Erath county. As a matter of fact, it seems that it was the grand jury of Palo Pinto county that preferred the indictment, and not that of Erath; the district attorney using a printed form with the county of Erath printed therein. By amending the indictment in striking out "Erath" and inserting therein "Palo Pinto," it is seen that the amended indictment charged the offense to have been committed in Palo Pinto county, whereas the original indictment charged it was committed in Erath. This, we think, was an amendment of substance, and not of form merely. The statute (article 598, C. C. P.) expressly provides that—

"Any matter of form in an indictment * * * may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

It has always been held under this statute, in compliance with its express provisions, that no matter of substance can be amended, and that even in a mere matter of form the amendment generally must be made before the trial begins. There are some exceptions to this latter rule. Young v. State, 55 Tex. Cr. R. 385, 116 S. W. 1158; Murphy v. State, 36 Tex. Cr. R. 24, 35 S. W. 174; Osborne v. State, 24 Tex. App. 398, 6 S. W. 536.

The amendment herein being of a matter of substance, the court committed an error in permitting the indictment to be amended, for which the judgment is reversed, and the cause is remanded.