J. B. WEAVER V. THE STATE.

No. 7967.   Decided December 19, 1923.

Rehearing Denied January 15, 1924.

1.—Possession of Intoxicating Liquor—Indictment—Amendment.

Where the indictment omitted to state at what term of Court for said County the Grand Jury which returned the bill was impaneled, there was no error in permitting the district attorney to amend the indictment by writing in the word "February" where the omission had occurred, although the Court had proceeded to impanel the jury.   Following Finch v. State, 89 Tex. Crim. Rep., 363, and other cases.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of the possession of intoxicating liquor for the purpose of sale, the evidence is sufficient to sustain the conviction there is no reversible error.

Appeal from the District Court of Randall.   Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*R. L. Lester* and *W. H. Russell*, for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale.

The indictment omitted to state at what term of court for Randall County the grand jury which returned the bill was impaneled.   Before either the State or appellant announced ready for trial a motion to quash the indictment upon the grounds of the aforesaid omission was presented; the court did not rule on the motion at that time but after the state announced ready and while the district attorney was questioning jurors the court then permitted him to withdraw his announcement and amend the indictment by writing in the word "February" where the omission had occurred.   The action of the court was not erroneous.   See Articles 476 and 598, Vernon's C. C. P.; Grayson v. State, 35 Texas Crim. Rep., 629; Fagnani v. State, 66 Texas Crim. Rep., 291; Murphy v. State, 36 Texas Crim. Rep.,

24; Finch v. State, 89 Texas Crim. Rep., 363, 232 S. W. Rep., 528. This disposes of the only matter complained of by bill of exception.

It is suggested that the evidence is insufficient to support the ver-dict. We find ourselves unable to agree to this proposition. One witness testified that he had gone to appellant's residence and there purchased a quart of liquor which tasted like whisky and that it was the purpose of said witness to purchase from appellant whisky at the time; that he did not become intoxicated but that the liquor made him feel "funny" and that he did not know whether the liquor would have made him drunk or not but that it made him sick; another wit-ness testified that he went to 'appellant's residence and told him he wanted to buy a quart of whisky; that appellant delivered to him li-quor in a quart bottle; that he drank some of it and it seemed to be stimluating but that he did not become intoxicated and could not tell whether it was intoxicating or not; a third witness testified that he went to appellant's residence and told him he wanted to buy some whisky and that appellant delivered to him a pint bottle of liquor; that he drank some of it and thought it was whisky; that he felt the effects of it, but did not become intoxicated. In our opinion the evidence was sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 15, 1914. Reporter.]