## I. B. BURNS, SR. V. THE STATE.

No. 22205. Delivered June 17, 1942.
Rehearing Denied November 4, 1942.

The opinion states the case.

*Parker & Powell,* of Brownwood, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of having sold whisky in a dry area and his punishment was assessed at a fine of $300.00.

The State's testimony shows that Brown County is a dry area; that on the 4th day of August, 1941, the appellant, at his place of business in said county, sold some whisky to E. E. Morris. Appellant took the witness stand and denied that he sold any whisky to Morris. He stated that Morris came into his place of business and called for a bottle of Coca-Cola, which was served to him; that he then drew a pint of whisky from his shirt bosom; poured it into the Coca-Cola bottle and started

to leave, to which appellant objected, whereupon Morris became angry and said that he was one of "Uncle Sam's boys," that he could do as he pleased and walked out.

It will be noted from the foregoing brief statement of the evidence that an issue of fact was raised which the jury, who are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, decided adversely to his contention.

Appellant has one bill of exception in the record, which was filed on the 1st day of January, 1942. This was 95 days after the motion for a new trial was overruled and notice of appeal given, which was too late to entitle it to be considered by this court. See Art. 760, C. C. P.; Hart v. State, 150 S. W. 188, 67 Tex. Cr. R. 497; Haines v. State, 134 Tex. Cr. R. 524, 116 S. W. (2d) 399; Pitts v. State, 135 Tex. Cr. R. 572; Miller v. State, 148 S. W. (2d) 426.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Upon original submission we declined to consider the only bill of exception in the record because it appeared to have been filed too late. In connection with his motion for rehearing appellant presents the certificate of the county judge and the county clerk to the effect that the bill was in fact lodged with the clerk within the proper time but the wrong file mark was subsequently placed thereon, therefore we consider the bill. It complained of an argument of the county attorney. The trial court, upon request, directed the jury not to consider the argument. It does not appear to be of that character which would demand a reversal even had the court declined to withdraw it.

Appellant also in his motion for rehearing calls attention to the fact that the case was tried on August 15th but that the file mark on the information bears date of August 23rd, indicating that no information had been filed at the time of the trial and that the court was without power to try the case in

the absence of an information. No complaint of this was made at the time of the trial nor on original submission. A supplemental transcript shows the information to have been filed on August 5th. This does away with the second complaint in the motion for rehearing.

What has been said indicates inexcusable carelessness regarding the filing of papers. Such carelessness uselessly delays the disposition of cases on appeal and tremendously increases the work of this court.

Motion for rehearing is overruled.