C. C. ROWLETT V. STATE.

No. 25231. March 21, 1951.
Rehearing Denied May 2, 1951.

Hon. Charles F. Richmond, Judge Presiding.

*Dickson* and *Balch,* by *R. J. Balch,* Seymour, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of a violation of the liquor law and by a jury fined the sum of $100.00.

The complaint herein, as well as the information, alleged that the act complained of occurred on October 28, 1950. In the information, after the allegation of the possession of beer for the purpose of sale, further allegations are found that such act took place after an election had been held in such county and after the results thereof had been canvassed by the commissioners' court resulting in the prohibiting of the sale of intoxicating liquor therein, and after such result had been declared by such court and after they had entered their prohibiting order, and after the same had been published for the time and in the manner prescribed by the law in force at the time of the election, said election having been held on the 3rd day of November, 1950, etc.

After both parties had announced ready for trial, the jury selected, and the county attorney was proceeding to read the information to the jury, he ascertained the fact that a mistake had been made in the allegation relative to the year date as to when the local option election was held in Baylor County; that such should have been the year 1936 instead of 1950, and he thereupon requested the court to allow him to amend such information so that such date of 1936 be inserted rather than 1950. This the trial court permitted him to do, and such action is the basis of appellant's Bill of Exception No. 1.

An indictment and information can be amended as to matters of form only, as provided by statute, Art. 533, Vernon's Ann. C.C.P., which statute prescribes, however, that such amendment as to form shall take place prior to the announcement of ready by both parties. However, we are impressed with

the idea that the mere allegation that such election took place on November 3, 1950, (being an impossible date at such time), the information having been filed on October 30, 1950, and that, taken into consideration with the full allegations as to the proceedings prior to and subsequent to the holding of such election, we are convinced that the insertion of the date of the holding of such election was a matter of surplusage and can be treated as such. Such matter was held to be amendable even after an announcement of ready in the case of Young v. State, 55 Tex. Cr. R. 383, 116 S.W. 1158, in the following language:

"As a rule, and it seems such has been the construction placed on the statute that matters of form in informations and indictments must be amended, if at all, prior to the announcement of ready for trial upon the merits by both parties, and not afterwards. See Article 587, Code Criminal Procedure and authorities collated under Article 588 of White's Code Criminal Procedure. But, where the amendment as to form simply relates to the term of the court at which the information or indictment is presented, it has been held to be amendable after the parties have announced ready for trial. See Murphy v. State, 36 Texas Crim. Rep., 24."

In the case of Murphy v. State, 36 Tex. Cr. R. 24, 35 S.W. 174, this court used the following language:

"The appellant excepted to the action of the court in permitting the County Attorney to amend the indictment by inserting the word 'October' in the beginning part thereof, so as to show the date of the organization of the grand jury which found the indictment. To said bill is appended three grounds of objection, and from these it would appear that the amendment was allowed after the parties announced 'Ready,' and entered upon the trial. The bill itself, however, does not so certify. If, however, the amendment was made after the parties entered upon the trial, such entry of the word 'October' was merely formal, and was not necessary, and the trial court could have proceeded without such amendment. The minutes of the court show the date of the organization of the grand jury. The statute regulating the requsites of the indictment, does not make the date of the organization of the grand jury one of the essential elements of such indictment. The entry of such date is therefore merely formal. It is wholly immaterial whether the date of such organization appear in the face of the indictment or not, and the allowance of such amendment by the court constituted no error. See Osborne v. State, 24 Tex. App. 398."

It is also shown in Weaver v. State, 96 Tex. Cr. R. 363, 257 S. W. 246, that an indictment therein failed to state at which term of the grand jury it was found. Motion to quash was therefore made prior to the announcement of ready, but not then ruled upon by the court but thereafter while the jury was being questioned, the court allowed the state to amend this instrument by writing in the word "February" therein as to the term in which it was found. The action of the court was held not to be erronous, citing Articles 476 and 598, Vernon's C.C.P.; Grayson v. State, 35 Tex. Cr. R. 629; Fagnini v. State, 66 Tex. Cr. R. 291; Murphy v. State, 36 Tex. Cr. R. 24; Finch v. State, 89 Tex. Cr. R. 363, 232 S.W. 528. See also Parker v. State, 68 Tex. Cr. R. 181, 150 S.W. 1184, in which case it was held that the date on which the election was held was a matter of form only and could be amended. See also Osborne v. State, 24 Tex. App. 398, 6 S. W. 536.

We think that under the allegations in the information it is clear that the allegation relative to the sale of intoxicating liquor in Baylor County set forth the fact that such election had theretofore been held prior to the date of the alleged offense for a sufficient time to show that any sale in such county after the happening of such event would be unlawful. It necessarily follows that the allegation relative to the actual date of such holding was an immaterial matter and not necessary to be alleged. Surely it was at least a matter of form, and as such it could be amended, as suggested in the above-quoted decisions as well as the statute, supra.

The case of Patterson v. State, 84 Tex. Cr. R. 157, 205 S.W. 986, is not in point. In that case the county in which the offense was alleged to have taken place was changed by amendment to another and different county, thus attempting to amend a matter of substance and not of form.

The ruling on Bill No. 1 also disposes of Bills Nos. 2 and 3 in the record.

Bill No. 4 relates to a requested verdict upon the part of appellant and contains many propositions and arguments relative to the facts in the case as well as the matters set forth in Bills Nos. 1, 2 and 3, in addition to many procedural errors, it being but a synopsis of the trial of the whole case and also appellant's objections thereto on his further argument there under. The bill is multifarious and is therefore overruled.

The facts seem to be sufficient to show that a large amount beer was found by the searching officers, some of it on ice and hidden in a dense plum thicket; and there is testimony in the record that appellant told the officers that such liquor thus found was on his premises and on premises under his control.

We find no error in the record, and the judgment will therefore be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

On original submission we affirmed the judgment of the trial court on two grounds:

1. That the date in the information on which the antecedent prohibition election was alleged to have been held was a matter of form only and could be amended after announcement by virtue of our holdings in Young v. State, 55 Tex. Cr. R. 383, 116 S. W. 1158, and Murphy v. State, 36 Tex. Cr. R. 24, 35 S. W. 174. Appellant cites us Judge Davidson's dissent in Hamilton v. State, 65 Tex. Cr. R. 508, 145 S.W. 348. We are impressed with the facts: first, that this is a dissent; and second, that the date of the holding of the prohibition election in that case determined whether a subsequent sale was a felony or misdemeanor. We do not have such a distinction in the case at bar. We are further impressed with the fact that the information in the instant case alleged further that no subsequent election had been held changing the dry status of the political subdivision involved.

2. That there being in the information ample allegation that the prohibition election had been held, canvassed, the result declared and published prior to the commission of the offense charged, then the date on which said election was held was surplusage. In affirming the trial court on this ground we treated the original date of November 3, 1950, and also the amended date of November 3, 1936, both as surplusage. It follows therefrom that we treated any proof as to a specific date on which such election had been held to be in the same category.

Appellant's motion for rehearing is overruled.