JACK BEDRE V. STATE

No. 28,761. February 20, 1957.
Appellant's Motion for Rehearing Granted April 10, 1957.

*C. S. Farmer,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area with two prior convictions alleged to enhance the penalty; the punishment, a fine of $400 and forty days in jail.

The agreed statement of facts shows that proof was made by the state that, on or about the date alleged, appellant possessed, in Anderson County, for the purpose of sale, the intoxicating liquor described in the complaint and information. It is further shown that proof was made of appellant's prior conviction as alleged for enhancement purposes.

The sole question presented is the sufficiency of the state's allegation and proof of the dry status of Anderson County.

It is alleged in both the complaint and information that Anderson County was a dry area in that, at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, prohibition of the sale of intoxicating liquor was in force in said county pursuant to a valid election held for the purpose of determining whether or not the sale of intoxicating liquor should be prohibited in said county, the result of which, upon canvass by the commissioners' court, was declared to be against prohibition, but, upon contest of said election, duly tried in the district court, the result thereof was adjudged to be in favor of prohibition. The judgment of the district court, dated July 14, 1913, is set out in the state's pleadings and finds that the election held in Anderson County on July 3, 1913, resulted in a majority of 37 for prohibition and, under the agreement of the parties, ordered, adjudged and decreed that the sale of intoxicating liquor within the boundaries of the county be absolutely prohibited from and after the 11th day of July, 1915.

The judgment entered by the district court in the election contest was offered in evidence and relied upon by the state to prove the dry status of the county as alleged.

Appellant contends that the conviction cannot be sustained because the state did not allege and prove that the result of the election had been published as required by law.

In Brooks v. State, 138 Texas Cr. Rep. 526, 137 S.W. 2d 768, which was an appeal from Anderson County from a conviction for violation of local option in the county under the same election, a similar contention was by this court overruled.

The court, in holding that under the circumstances it was neither necessary to allege nor prove the publication of the result of the election, recognized the general rule that local option does not become effctive until the result of the election has been published as required by law, but pointed out that such rule applied only where the commissioners' court had declared the result of the election and was not applicable where the result was declared by a judgment of a district court in a contest proceeding brought for that purpose. The court further held that the judgment in the election contest is itself notice to the world and it was not necessary that it be published.

In Taylor v. State, 156 Texas Cr. R. 452, 243 S.W. 2d 582, the rule announced in Brooks v. State, supra, was followed by this court in holding that an information was not fatally defective for failing to allege publication of a judgment in an election contest which determined the dry status of the county.

We find no merit in appellant's contention that the judgment rendered in the election contest was a declaratory judgment and invalid because it was rendered prior to the passage of the Uniform Declaratory Judgment Act in 1943. Art. 2524-1, Vernon's Rev. Civ. Stat. The court by the judgment determined the result of the election which disposed of the only issue in the case.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

A re-examination of the agreed statement of facts sustains appellant's contention that there is no evidence to identify him as the same person who was the defendant in the prior convictions plea for enhancement.

The facts being insufficient to sustain the allegations of prior convictions used to enhance the punishment requires a reversal of the conviction. See Ewing v. State, 286 S.W. 2d 938, and other cases cited in Branch's Ann. P.C., 2d Ed., Sec. 699, and Erisman's Manual of Reversible Errors, Sec. 289.

Appellant's motion for rehearing is granted, the order of affirmance is set aside and the judgment is now reversed and the cause remanded.