JACK BEDRE V. STATE

No. 28,771. February 20, 1957.
Appellant's Motion for Rehearing Overruled
April 17, 1957.

C. S. *Farmer*, Waco, for appellant.

Leon *Douglas*, State's Attorney, Austin for the state.

DICE, Judge.

The conviction is for the unlawful possession of beer, wine and whisky for the purpose of sale in a dry area; the punishment, ninety days in jail and a fine of $500.

This is a companion case to Jack Bedre v. State, No. 28,761, opinion this day delivered, (page 475, this volume) 301 S.W. 2d 95, in which the same question here presented was decided contrary to the appellant's contention.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant directs our attention to the fact that the judgment of the district court in the contest of the local option election held in Anderson County on July 14, 1913, was described in the information in this cause as being rendered in "Cause No. *8899*" on the docket of said district court, and the statement of facts shows that the judgment offered in evidence did not show the cause number, but was identified by the district clerk as the judgment in "Cause No. *8989*."

The district court judgment was admitted in evidence without objection. It shows on its face to be the judgment rendered in an election contest, contesting the results of the election held in Anderson County on July 3, 1913; shows that the canvassed returns resulted in a majority of 16 votes against prohibiting the sale of intoxicating liquor in Anderson County, and that the contest resulted favorably to the contestants and adjudged the true result of the election to be a majority of 37 votes in in favor of prohibition in the county.

The introduction of the judgment of the district court in the election contest was sufficient to establish the dry status of the county, and the court in his charge, to which there are no objections, instructed the jury that the area was dry.

When the orders introduced in evidence make a prima facie case that the area is dry and no issue is properly raised on the trial as to the validity of the law, the court may charge that the area is dry. Branch's Ann. P.C., 2d Ed., Sec. 1309.

We overrule the contention that the variance between the alleged number of the district court cause and the testimony of the clerk identifying the cause by a different number renders the evidence insufficient to establish the dry status of the county.

In Rowlett v. State, 156 Texas Cr. Rep. 44, 238 S.W. 2d 781, the allegation of the information and the proof as to the specific date on which the prohibition election was held were treated as surplusage, there being sufficient allegation and proof that the election which resulted in prohibition in the county was held and the results thereof declared and published prior to the

commission of the offense. The number of the case in the district court does not appear to be of more importance than the date of the prohibition election establishing the dry area.

The question raised as to the overruling of the motion for new trial in appellant's absence was decided against appellant's contention in Beard v. State, No. 28,871. (Page 502, this volume.) 305 S.W. (2d) 291.

Appellant's motion for rehearing is overruled.