JAS. SHIPLEY v. THE STATE.

No. 5218.   Decided November 27, 1918.

Rehearing granted January 15, 1919.

1.—Local Option—Information—Motion to Quash—Date of Election.

Where, upon trial of a violation of the local option law, the information did not allege at what time the election for local option was held, whether before or after the law punishing the sale of liquor was made a felony, a motion to quash after the trial of the case comes too late, as the omission of such date is a formal matter. Following Hamilton v. State, 65 Texas Crim. Rep., 508.

2.—Same—Controverted Issue—Oral Motion—Practice on Appeal.

Where appellant contended that he made an oral motion before trial to quash the information, with the understanding that it should be reduced to writing and filed later, but the State controverted this matter and the trial judge and officers of the court sustained the opposite of appellant's contention, this court, without a further showing, must be governed by the record, and there being no other question, the judgment is affirmed.

Appeal from the County Court of Rains.   Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*B. A. Carter* and *W. F. Shipp,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

It is charged in the complaint and information that appellant, on or about the 9th day of March, 1918, sold to Mayfield intoxicating liquors, after an election had been held by the qualified voters of Rains County in accordance with law. It does not recite at what time the election for local option was held, whether before or after the law punishing the sale of liquor was made a felony. Motion was made to quash for this reason, and also motion in arrest of judgment. Both were overruled, and this is the question presented for revision. The decisions draw the distinction between the preliminary motion to quash and the motion to arrest judgment. The motion to quash should be sustained as being one of form and not of substance. The cases recognize this difference above stated. Under the decisions of this court the motion to quash should have been sustained. Stone v. State, 84 Texas Crim. Rep., 280, 206 S. W. Rep., 940, this day decided. For this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

#### January 15, 1919.

DAVIDSON, PRESIDING JUDGE.—This case was reversed recently. The State files a motion for rehearing. The reversal was based upon the proposition that the court overruled the motion to quash the indictment because of the failure to allege the date on which the local option law went into effect. He also filed a motion in arrest of judgment. The opinion was based upon that line of decisions which holds that the omission of such date is a formal matter, and in order to take advantage of this defect in the indictment it must be by motion to quash. Such has been the holding since Hamilton v. State, 65 Texas Crim. Rep., 508.

The State makes a showing that the motion to quash was not in fact made until after the trial. There is a statement to the effect, from appellant's counsel, that the motion was made before the trial with the understanding that it should be reduced to writing and filed later. This is controverted by the State, and sustained by the statement of the officers, including the judge who tried the case. If as a matter of fact a verbal motion had been made prior to the trial of the case with an agreement to reduce it to writing and filed later, it would be in ample time, and the fact that it was filed subsequently, and the judgment entered subsequently, would not affect the situation. But this being a controverted issue, and the judge and officers sustaining the opposite of his contention, appellant offering no evidence by affidavit, we will be governed by the record which shows the motion was filed a day following the conviction.

The State's motion will be granted, following that line of cases since the rendition of the Hamilton case, supra, and the reversal set aside, and the judgment affirmed.

*Affirmed.*