### Bill Stone v. The State.

#### No. 5217.   Decided November 27, 1918.

**1.—Local Option—Misdemeanor—County Court—Jurisdiction.**

   Where, upon trial of a violation of the local option law, in the County Court under the misdemeanor laws of the statute, upon an indictment trans-. ferred from the District Court, there was no objection to the jurisdiction of the County Court before trial it is too late to object thereto after trial, and in the absence of a statement of facts the judgment is affirmed. Following Garner v. State, 62 Texas Crim. Rep., 525, and other cases.

**2.—Same—Date of Election—Motion in Arrest of Judgment.**

   A motion in arrest of judgment for failure to allege date of election comes too late after trial. Following Garner, 62 Texas Crim. Rep., 525.

Appeal from the County Court of Rains. Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*W. F. Shipp,* for appellant.—Cited Head v. State, 64 Texas Crim. Rep., 112, 141 S. W. Rep., 536; Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—On May 25, 1918, appellant was indicted by the grand jury of said county for unlawfully selling intoxicating liquors therein after an election had been properly held in that county at which prohibition carried and the proper orders were made, published, etc. The date of the election was not alleged.

The indictment was transferred from the District to the County Court and appellant was tried in the County Court under the misdemeanor clause of said statute. There is no statement of facts. Appellant in no way at the time objected to the trial in the County Court, filed no plea to the jurisdiction or motion in any way questioning the jurisdiction of the County Court before trial. After his trial and conviction he then for the first time made a motion in arrest of judgment claiming the County Court did not have jurisdiction because the date of the election showing that prohibition was put in force as a misdemeanor was not alleged. His motion came too late and the court did not err in overruling it. This has been uniformly held by this court in a large number of cases. Garner v. State, 62 Texas Crim. Rep., 525; Hamilton v. State, 65 Texas Crim. Rep., 508; Dobson v. State, 65 Texas Crim. Rep., 637; Mealer v. State, 66 Texas Crim. Rep., 140; Meyer v. State, 65 Texas Crim. Rep., 587; Crawford v. State, 66 Texas Crim. Rep., 433; Ferguson v. State, 66 Texas Crim. Rep., 446; Hart v. State, 67 Texas Crim. Rep., 497; Snell v. State, 68 Texas Crim. Rep., 1; Parker v. State, 68 Texas Crim. Rep., 181, and other cases.

The judgment is affirmed.

*Affirmed.*