**Morris Ray EDMOND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52489.**

Court of Criminal Appeals of Texas.

Jan. 26, 1977.

Rehearing Denied Feb. 16, 1977.

**290**

James P. Finstrom, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and Paul Macaluso, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On December 19, 1974, the appellant was found guilty of forgery under our new Penal Code; his punishment was assessed at three years, probated. On May 14, 1975, the State filed a motion to revoke appellant's probation. A hearing was held on this motion on November 19, 1975. After hearing evidence the court revoked appellant's probation and imposed sentence.

Appellant's sole contention is that the indictment is fundamentally defective because it does not allege that the appellant passed the instrument *knowing it was forged.*

 The indictment is identical in all material aspects to the indictment in *Jones v. State,* 545 S.W.2d 771 (Tex.Cr.App.1976), delivered on rehearing this day. In the court's opinion on rehearing, a majority of this Court held that the absence of this knowledge element does not render a forgery indictment fundamentally defective, although such an indictment may be attacked by a motion to quash.

There is a pertinent motion to quash the indictment in this case, but it was not filed until the date of the hearing on the motion to revoke. This was too late to preserve the error. *Steward v. State,* 422 S.W.2d 733 (Tex.Cr.App.1968). Appellant's contention must therefore be overruled.

The judgment is affirmed.

ONION, P. J., and ODOM, J., dissent.