Aubrey Allen DANIEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 53092.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

Rehearing Denied March 24, 1977.

Ogen Hollis Pemberton, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Edward A. Dodd, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of theft. Punishment was assessed at four years.

We are met at the outset with fundamental error that requires consideration in the interest of justice. Art. 40.09(13), V.A.C.C.P.

The indictment alleges in relevant part that appellant:

". . . did exercise control over property, namely silverware, of the value of under two hundred dollars, with the intent to deprive the owner, Joske's of Houston, of the property."

The failure of the indictment in this case to allege that appellant exercised control over the property *without the owner's consent,* an essential element of the offense of theft, renders the State's pleading fundamentally defective. The conviction is therefore void. V.T.C.A., Penal Code Sec. 31.03; *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App., decided this day on rehearing).

The judgment is reversed and the indictment is ordered dismissed.

DOUGLAS, Judge, dissenting.

The indictment should be held sufficient for the reasons set forth in the dissenting opinions in *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App., 1976); *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App., 1976); *Herrin v. State,* 547 S.W.2d 598 (Tex.Cr.App., this day decided). See also the concurring opinion in *Jones v. State,* 545 S.W.2d 771 (Tex.Cr.App., 1975, motion for rehearing, January 26, 1977).