IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00237-CV

 

Manuel Villegas,

                                                                                    Appellant

 v.

 

Heidi Henke Morse,

                                                                                    Appellee

 

 

 



From the County Court at Law

Walker County, Texas

Trial Court No. 8080CV

 



MEMORANDUM  OPINION



 








            In a September 13, 2006 order, we abated
this appeal for entry of a final judgment that addressed all of Appellee’s
claims.  Because it appeared that the trial court entered an October 3, 2006
Order on Plaintiff’s Motion for Default Judgment and that Appellant filed a
notice of appeal of that Order and a December 18, 2006 order denying a new
trial, the Clerk of this Court sent a letter to Appellant stating that we may
dismiss this appeal unless Appellant filed a response showing grounds for
continuing the appeal.

Appellant has not filed a response.  Accordingly,
we dismiss the appeal.  Tex. R. App. P. 43.2(f).

 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed February 28, 2007








[CV06]






#160;                                                                                                         
 
       The court below convicted Appellant Richard William Payne of multiple offenses in a single
bench trial. In Cause No. 10-97-344-CR, the court convicted Payne of sexual performance by a
child. See Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 1, 1985 Tex. Gen. Laws 2133, 2133
(amended 1993) (current version at Tex. Pen. Code Ann. § 43.25(b) (Vernon 1994)). In Cause
No. 10-97-345-CR, the court convicted Payne of aggravated sexual assault of a child and
indecency with a child. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 1994), §
22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 1999). The court sentenced Payne to twenty years’
imprisonment and a $10,000 fine on the sexual performance charge; life imprisonment and a
$10,000 fine on the aggravated sexual assault charge; and fifteen years’ imprisonment on the
indecency charge. All sentences run concurrently.
      Payne claims in a single point of error that the court erred in failing to grant his motions to
quash the indictments in both cases because the indictments do not “give notice of the specific date
on which each of the enumerated offenses occurred.” We will affirm the judgment.
PROCEDURAL BACKGROUND
      The grand jury presented the indictment alleging the aggravated sexual assault and indecency
charges on September 14, 1989. The grand jury presented the indictment alleging the sexual
performance charge on May 19, 1992. Both indictments allege these offenses occurred “on or
about” June 30, 1989.



      At a pretrial hearing, Payne orally moved to quash the indictments asking that “the State be
required to give [him] with specificity the date certain that they are going on” “based on the new
Court of Criminal Appeals opinion in [Sledge] v. State.” 953 S.W.2d 253 (Tex. Crim. App.
1997). Payne’s counsel informed the court that he would discuss this issue with the prosecutor
to “get that information and provide for the record prior to trial before [he got] a formal ruling
on [the] motion to quash.”
      On the morning of trial, Payne filed written motions to quash the indictments for the same
reasons asserted during the pretrial hearing. Specifically, Payne argued on the basis of Sledge that
he was entitled to more specificity in order to: (1) prepare his defense; (2) protect against retrial
in violation of double jeopardy; and (3) avoid conviction based on the status of being a criminal
in general. The court considered these motions before proceeding with the trial. After hearing
argument of counsel, the court overruled the motions.
WAIVER OF OBJECTIONS
      The State argues that Payne has waived the right to challenge the indictments on appeal
because he did not timely file his written motions to quash. See Tex. Code Crim. Proc. Ann.
art. 1.14(b) (Vernon Supp. 1999). Article 1.14(b) provides in pertinent part:
If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the merits
commences, he waives and forfeits the right to object to the defect, error, or irregularity
and he may not raise the objection on appeal or in any other postconviction proceeding.

Id. Article 27.10 requires motions to quash indictments to be in writing. Tex. Code Crim.
Proc. Ann. art. 27.10 (Vernon 1989). This writing requirement has existed at least since the
adoption of the 1925 Code of Criminal Procedure. See Meyer v. State, 108 Tex. Crim. 77, 79-80,
299 S.W. 259, 261 (1927).
      The authors of one treatise believe “the legislature intended by requiring an accused to
‘object’ [in article 1.14(b)] to incorporate the procedures in Chapter 27 of the Code [of Criminal
Procedure] which to a large extent govern the manner in which charging instruments are to be
challenged.” 41 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice
and Procedure § 21.02 (1995). We agree. See, e.g., Fisher v. State, 887 S.W.2d 49, 56 n.12
(Tex. Crim. App. 1994) (“defendant may object to a substantive defect [in the indictment] by
filing an Exception to Form, a motion to quash, or some other motion for appropriate relief”).
      The Court of Criminal Appeals has recognized one exception to the “in writing” requirement
of article 27.10. In 1919, that Court held, “If as a matter of fact a verbal motion [to quash] ha[s]
been made prior to the trial of the case, with an agreement to reduce it to writing and file later,
it would be in ample time.” Shipley v. State, 84 Tex. Crim. 278, 208 S.W. 342, 342 (1919) (op.
on reh’g); see also 41 Dix & Dawson, supra, § 21.13.
      We conclude that Payne’s motions fit within this exception. He orally moved to quash the
indictments at the pretrial hearing citing a lack of specificity based on Sledge. The trial court
essentially informed both sides that it would defer a ruling on the motions to quash until the
prosecution and defense had an opportunity to confer on the issues raised in the motions. 
Although we do not endorse the manner in which Payne presented his motions to quash as the
most appropriate method for challenging an indictment, we nevertheless conclude that his pretrial
objections, which were later reduced to writing with leave of the trial court and without objection
by the State, are adequate to preserve his complaints under the unique procedural posture of these
cases.
SPECIFICITY REQUIRED
      Payne argues in his sole point that the Fourth, Fifth, Sixth, and Fourteenth Amendments to
the United States Constitution require an indictment to allege a more specific date of the offense
for which the State will seek a conviction in cases where it is anticipated the State will offer
evidence of numerous incidents for which the accused could be convicted under the “on or about”
allegation commonly found in Texas indictments. See, e.g., Sledge, 953 S.W.2d at 256 (“the ‘on
or about’ language of an indictment allows the State to prove a date other than the one alleged in
the indictment as long as the date is anterior to the presentment of the indictment and within the
statutory limitation period”). He asserts that more specificity is required in this circumstance to:
(1) give the accused sufficient notice to prepare his defense; (2) protect against retrial in violation
of double jeopardy; and (3) avoid conviction based on the status of being a criminal in general. 
The Court of Criminal Appeals has answered each of these assertions.
      Recently in Garcia v. State, that Court rejected the contention that more specificity is
constitutionally required to enable an accused to prepare his defense. 981 S.W.2d 683, 685-86
(Tex. Crim. App. 1998). The Court said:
Must an indictment specify the precise date when the charged offense occurred, or
at least a narrow window of time within which it must have occurred, in order to satisfy
the constitutional notice requirement? We hold that the answer is “no,” and we do so for
three reasons. First, time is not a material element of an offense (at least, not usually). 
Second, the primary purpose of specifying a date in the indictment is not to notify the
accused of the date of the offense, but rather to show that the prosecution is not barred
by the statute of limitations. Third, it may be impossible for the State to know precisely,
or even approximately, when the charged offense occurred. Thus, we reaffirm our prior
holdings that it is not error, constitutional or otherwise, for an indictment to allege an
“on or about” date for the charged offense.

Id. (citations and footnote omitted)

      Settled case law answers Payne’s double jeopardy argument. “If evidence of more than one
offense is admitted and a conviction for either could be had under the indictment, and neither the
State nor the court elects, a plea of former conviction is good upon a prosecution based upon one
of said offenses, it being uncertain for which one the conviction was had.” Ex parte Goodbread,
967 S.W.2d 859, 860 (Tex. Crim. App. 1998) (quoting Walker v. State, 473 S.W.2d 499, 500
(Tex. Crim. App. 1971)). Neither the court nor the State made an election in Payne’s trial. Thus,
the State is jeopardy-barred from attempting to prosecute Payne for any offense proved at trial for
which he could have been convicted under the indictments. Id.
      Regarding Payne’s assertion that more specificity is required to prevent him from being
convicted “based on [the] status of being a criminal in general,” he pursued the wrong relief. 
When one offense is alleged in an indictment but the State offers evidence of multiple incidents
for any of which the accused could be convicted under the indictment, “the State is required to
elect which act it will rely upon to secure a conviction, provided the accused makes a motion for
election.” Scoggan v. State, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990); O’Neal v. State,
746 S.W.2d 769, 771-72 (Tex. Crim. App. 1988); Holmes v. State, 962 S.W.2d 663, 670 (Tex.
App.—Waco 1998, pet. ref’d, untimely filed); see also Yzaguirre v. State, 957 S.W.2d 38, 40
(Tex. Crim. App. 1997) (Meyer, J., concurring). Once the State makes the election, an accused
is entitled to a limiting instruction as to the remaining incidents shown by the evidence. Crawford
v. State, 696 S.W.2d 903, 907-08 (Tex. Crim. App. 1985); see also Yzaguirre, 957 S.W.2d at 40
(Meyer, J., concurring).
CONCLUSION
      For each of the reasons stated, the trial court acted properly in denying Payne’s motions to
quash the indictments in these cases. Accordingly, we overrule his sole point of error and affirm
the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Cummings (not participating)
            and Justice Vance
Affirmed
Opinion delivered and filed March 3, 1999
Do not publish